16-2215-cr
United States v. Haessly

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

---

United States of America,

> *Appellee*,

v.                                                  No. 16-2215-cr

Keith Haessly,

> *Defendant-Appellant.*

---

FOR APPELLANT:        Kelly Marie Barrett, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender for the District of Connecticut, New Haven, CT.

FOR APPELLEE:        Raymond F. Miller, Sandra S. Glover, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

---

Appeal from a judgment of the United States District Court for the District of Connecticut

(Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Keith Haessly challenges the district court's imposition of a sentence of 240 months' imprisonment and lifetime supervision on his plea of guilty to the offense of using an interstate facility to entice a minor to engage in unlawful sexual activity, a violation of 18 U.S.C. § 2422(b). We assume the parties' familiarity with the procedural history of this matter, the underlying facts, and the issues on appeal.

### I. Procedural Error

In preparing for Haessly's sentencing, the district court sought information from the Sentencing Commission regarding "sentences received by defendants convicted under 18 U.S.C. § 2422(b) of offenses with similar characteristics to Mr. Haessly's offense." Docket Entry 54. The Sentencing Commission responded with information about 30 cases from around the country, identifying a high rate of non-guideline sentences (21 out of 30 received below-guideline sentences, one received an above-guideline sentence, and only eight were sentenced within the recommended guideline range), and providing data on the average sentences of those in each category. The court passed this information on to the parties.

On appeal, Haessly argues that by seeking, reviewing, and considering this information the district court profoundly erred, and that the procedure was inconsistent with the court's duty to make an individualized assessment of his case, treated the recommended guideline sentencing range as presumptively reasonable, violated the court's duty to resolve factual disputes on the record, usurped the authority of the Commission, and denied him due process of law. None of those arguments, however, was made to the district court. Though provided with notice that the district court had sought such information from the Sentencing Commission, Haessly did not

2

argue to the district court, as he does here, that seeking and reviewing such information was inherently erroneous. Nor did he seek additional information from the court about how the district court or the Commission identified "similar characteristics" to the present case as a survey criterion. Instead, Haessly only addressed the weight to be accorded to the information, arguing that it should receive "little, if any, weight." Transcript of Sentencing Proceedings at 21. That objection was insufficient to preserve the categorical arguments presented here. Accordingly, we review only for plain error. *See United States v. Zangari*, 677 F.3d 86, 94-95 (2d Cir. 2012).

We identify no such error. Haessly cites no statute, case, or rule that prohibits district courts from seeking or relying on information about variance or departure rates in particular categories of cases. To the contrary, it is well established that "[t]he sentencing court's discretion is largely unlimited either as to the kind of information it may consider, or the source from which it may come. In fact, information from other proceedings may be relied upon at sentencing so long as the defendant has an opportunity to respond in order that the court not rely on misinformation." *United States v. Sisti*, 91 F.3d 305, 312 (2d Cir. 1996) (internal quotation marks, citations, and alterations omitted). Haessly was accorded that opportunity, and availed himself of it to argue that the information from the Sentencing Commission was entitled to minimal weight. There is no indication in the district court's thorough and conscientious remarks about the reasons for imposing the chosen sentence that the court gave undue weight to the challenged information.[1]

---

[1] We do note one concern. While the district court appropriately disclosed that it had sought the information, and detailed the information that it received, it did not explain how, if at all, it had defined the "characteristics [of] Mr. Haessly's offense" or how the Sentencing Commission had selected the cases surveyed. We have no doubt that Haessly (and the government) would have been entitled, on request, to be advised of the criteria used to identify "similar" cases, the better to argue that his case was not in fact similar, and should have been treated as less (or more) serious than those surveyed. Haessly, however, made no such request.

Accordingly, we find no plain error affecting Haessly's substantial rights.

Finally, Haessly also argues that the district court erred by failing to specifically address the conclusions reached in his psychosexual evaluation or specifically state why it did not impose a shorter term of imprisonment. We find no error. "[W]e will not conclude that a district judge shirked [his] obligation to consider the § 3553(a) factors simply because [ ]he . . . did not expressly parse or address every argument relating to those factors that the defendant advanced." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

## II. Substantive Reasonableness

Haessly also challenges the substantive reasonableness of his below-guidelines sentence. "[O]ur review of a sentence for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). "[O]nly those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice'" are substantively unreasonable. *Id.* (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). This is not such a sentence. The record demonstrates that the district court carefully considered a number of relevant factors, including Haessly's self-reported personal history of sexual abuse, lack of criminal history, emotional condition, potential for rehabilitation, military service, attempts to seek help, and supportive family. The district court specifically noted the value of Haessly's cooperation. Confronted with the horrific nature of the offense conduct, which victimized nearly a thousand boys, the district court scrupulously balanced these mitigating factors against the terrible harm inflicted by Haessly's crime and imposed a sentence well within the realm of substantive reasonableness.

We have considered all of Haessly's remaining arguments and find them without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk